**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED KEENER ERNST,<br><br>                Plaintiff,<br><br>        v.<br><br>MATTHEW CATE, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:08-cv-01940-OWW-GSA<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE DISTRICT COURT GRANT IN PART AND DENY IN PART DEFENDANT CATE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 24) |

**Findings and Recommendations on Defendant Cate's Motion to Dismiss**

**I.      Procedural and Factual Background**

Plaintiff Ted Keener Ernst, a state prisoner, by his attorney, proceeds in this civil action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (42 U.S.C. § 12132). Plaintiff also alleges negligence claims and various constitutional and statutory claims under California law. Defendant Cate removed plaintiff's complaint from the Superior Court of California to this court on December 17, 2008 (doc. 1). On April 7, 2009, plaintiff filed an amended complaint (doc. 16). Defendant Cate filed a motion to dismiss the complaint under F.R.Civ.P. 12(b)(6) on April 20, 2009 (doc. 24). Plaintiff filed his opposition on May 29, 2009 (doc. 31), and Cate replied on June 19, 2009 (doc. 33).

**Facts Alleged in Complaint.** Plaintiff is an inmate of Salinas Valley State Prison ("SVSP"). Due to paraplegia dating from childhood, plaintiff is a permanent wheelchair user. Although plaintiff is a Montana inmate, he is housed by the California Department of Corrections and Rehabilitation ("CDCR") pursuant to an agreement between CDCR and Montana.

On December 3, 2007, defendant Broncato, a CDCR corrections officer, transported plaintiff by CDCR van #314 from Kern Valley State Prison ("KVSP"), where plaintiff then resided, to Corcoran Hospital for routine care. Plaintiff's hands were cuffed to his hips in a waist restraint. His wheelchair was not secured to the van nor was plaintiff restrained by a seatbelt. While traveling at 70 miles per hour, Broncato tapped the brakes to slow for an S-curve. The van's wheels locked, and plaintiff was thrown head-first from his wheelchair to the van's floor, where his head hit a raised steel bracket, and his body struck a milk crate. Plaintiff incurred head and chest lacerations, compression of his spine resulting in lower spine trauma, and various scrapes and bruises. Plaintiff's head and bruises swelled, and he experienced pain, including sharp, stabbing pain in his lower back.

Plaintiff contends that the defendants were aware that the van was in poor condition. With over 239,000 miles on its odometer, the van had brake problems and holes in its floor big enough for passengers to view the road passing beneath them. Broncato had filed a grievance regarding the van's unsafe condition on July 2, 2007. Plaintiff alleges that "*Plata* ordered that Van #314 be replaced two weeks prior to the December 3, 2007 incident."

In another inmate's appeal (Pardo, KVSP-07-022980, February 26, 2008), KVSP admitted that the van was in need of repairs. In plaintiff's administrative appeal, KVSP admitted that the van was being repaired and replaced by a new van.

Except for the claims in count three, which are limited to the defendants' official capacities, plaintiff sues defendant Cate, the CDCR director, in his official and personal capacities. Other defendants include Katherine Jett, deputy director of CDCR; Corrections Officer Broncato; Officer Chavez; and 100 John Does.

**II.    Standard of Review – Rule 12(b)(6) Motion to Dismiss**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). A court may not look outside of the pleadings to resolve the motion.[1] In considering a motion to dismiss for failure to state a claim, a

---

[1] Accordingly, defendant Cate's request that this court take judicial notice of evidence relating to plaintiff's filings under the California Tort Claims Act is denied.

court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

**Pleadings standard.** "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.

While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949. The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended by* 275 F.3d 1187 (2001). In general, plaintiff's complaint fails because it primarily alleges unsupported legal conclusions.

**III. Plaintiff's Claims**

Although plaintiff's complaint purports to allege six causes of action, it is poorly organized, frequently including multiple legal claims within a single "cause of action." Plaintiff's claims include the following:

    A.    **42 U.S.C. § 1983 Claims**

        1. **Third Cause of Action (in part).** In violation of the Eighth Amendment's prohibition against cruel and unusual punishment, defendants failed to provided

"a meaningful hearing in a meaningful time, instead claiming that a third level appeal had to be filed–with the idea that Plaintiff would lose his right to file a claim against defendants within 6 months." The complaint specifies that this claim is brought against defendants in their official capacities.

  2. **Fourth Cause of Action (in part).** In violation of the Fifth and Fourteenth Amendment due process and equal protection, defendants failed to provide "a meaningful hearing in a meaningful time, instead claiming that a third level appeal had to be filed–with the idea that Plaintiff would lose his right to file a claim against defendants within 6 months."

  3. **Fifth Cause of Action.** The accident constituted cruel and unusual punishment in the form of battery.

  4. **Sixth Cause of Action.** Restating his allegations in the first cause of action, plaintiff alleges that defendants' negligence violated the Fifth and Fourteenth Amendments.

 **B.** <u>ADA Claim (federal) (Second Cause of Action (in part))</u>

 **C.** <u>State Claims</u>

  1. **First Cause of Action.** Defendants were negligent under state law.

  2. **Second Cause of Action (in part).** Defendants violated California Government Code § 11135.

  2. **Third Cause of Action (in part).** Defendants violated the California Constitution, art. 1, § 7.

  3. **Fourth Cause of Action (in part).** Defendants are liable under California Government Code § 19572.

**IV.** <u>**42 U.S.C. § 1983**</u>

 **A.** <u>**Eleventh Amendment Immunity**</u>

Except for count three, which specifies that it is brought against defendants in their official capacities, plaintiff alleges that he is seeking to impose liability on defendants in their individual and official capacities (doc. 16, ¶2). The Eleventh Amendment bars suits for money

damages in federal court against a state, its agencies, and state officials in their "official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir.), *cert. denied*, 128 S.Ct. 441 (2007)(*citations omitted*).  Because CDCR is a state agency entitled to Eleventh Amendment immunity, plaintiff may not sue it in federal court.  *Ibid.  See also Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Spring Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Eleventh Amendment also protects Cate and the other defendants from suits in their official capacities.  *Aholelei*, 488 F.3d at 1147; *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  This means that plaintiff's third cause of action, which he brings against the defendants in their official capacities (doc. 16), is not cognizable as a matter of law.  The Eleventh Amendment does not preclude suits against the defendants, including Cate, for wrongdoing in their personal capacities, however.  *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Ashker v. California Dep't of Corr.*, 112 F.3d 392, 394-95 (9th Cir.), *cert. denied*, 522 U.S. 863 (1997).

### B.   Supervisory or Administrative Liability

Cate contends that, as Secretary of CDCR, he is not liable for CDCR employees' acts merely because he is the head of the agency.  Because Cate had no personal participation in the accident in which plaintiff was injured, he argues that he cannot be held liable for the alleged violations of § 1983.

The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by courts and litigants alike, is a misnomer.  *Iqbal*, 129 S.Ct. at 1949. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*.  *Iqbal*, 129 S.Ct. at 1948; *Taylor*, 880 F.2d at 1045.  In a § 1983 claim, a plaintiff must demonstrate that each defendant personally participated in the alleged deprivation of plaintiff's rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Because each government official, regardless of title, is liable only for his or her own misconduct, a plaintiff must demonstrate that each defendant, through his or her individual actions, violated the plaintiff's constitutional rights.

1    For defendants in supervisory positions, a plaintiff must specifically allege a causal link
2    between each defendant and the claimed constitutional violation.  *See Fayle v. Stapley*, 607 F.2d
3    858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442
4    U.S. 941 (1979).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must
5    allege facts indicating that each supervisory defendant (1) either personally participated in the
6    alleged deprivation of the plaintiff's constitutional rights, (2) knew of the violations and failed to
7    act to prevent them, or (3) promulgated or "implemented a policy so deficient that the policy
8    'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional
9    violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*);
10   *Taylor*, 880 F.2d at 1045.  Plaintiff's complaint fails to allege facts implicating defendant Cate in
11   any of these three categories.

12   Plaintiff complains that, as CDCR's director, Cate "was an authorized policy-maker"
13   (doc. 16, para. 11).  The complaint does not allege the existence of any policy that resulted in a
14   violation of plaintiff's constitutional rights.  The § 1983 claims against Cate are based solely on
15   *respondeat superior* liability for CDCR employees' actions, for which Cate cannot be liable
16   under § 1983.  Cate is entitled to dismissal of plaintiff's § 1983 claims against him as a matter of
17   law.

18   **V.    Violation of the Americans with Disabilities Act**

19   Plaintiff's second cause of action is the only claim in which plaintiff contends that the
20   defendants, including Cate, acted intentionally.  First, plaintiff alleges, "The defendants decided
21   to punish [plaintiff] for the crime he was convicted of by placing him in his wheelchair,
22   unrestrained, in a van traveling 70 miles per hour, and then applying the brakes" (doc. 16, ¶ 33).
23   Later, plaintiff claims, "Defendants discriminated against plaintiff because of his
24   disability–willfully and indifferently ignored his need to be restrained within the van transporting
25   him to a facility he needed to visit for medical reasons" (doc. 16, ¶ 36).  Because plaintiff
26   provides no factual support for these legal conclusions, he fails to satisfy the pleading standards
27   set forth in *Iqbal* and *Twombly*.
28   ///

1          Although a court evaluating a Rule 12(b)(6) motion to dismiss is instructed to assume
2   the truth of all factual allegations of the plaintiff and the reasonable inferences to be drawn from
3   them, it need not accept as true unreasonable inferences or conclusory allegations masquerading
4   as facts. *Western Mining Council v. Watt*, 643 F.2d 618, 614 (9th Cir.), *cert. denied*, 454 U.S.
5   1031 (1981).  When a party's factual allegations are blatantly inaccurate, a court is not required
6   to accept them as true. *Scott v. Harris*, 550 U.S. 372, 378-80 (2007).  That the CDCR Secretary
7   and Assistant Director acted in concert with two corrections officers "to punish [plaintiff] for the
8   crime he was convicted of by placing him in his wheelchair, unrestrained, in a van traveling 70
9   miles per hour, and then applying the brakes" strains credulity.  Similarly, the underlying facts
10  offer nothing to suggest that Cate "discriminated against plaintiff because of his
11  disability–willfully and indifferently ignored his need to be restrained within the van transporting
12  him to a facility he needed to visit for medical reasons."
13         Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v.
14  Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003).  The statute
15  provides that "no qualified individual with a disability shall, by reason of such disability, be
16  excluded from participation in or be denied the benefits of the services, programs, or activities of
17  a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II of the
18  ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524
19  U.S. 206, 213 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997), *cert.
20  denied*, 524 U.S. 937(1998); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To
21  establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified
22  individual with a disability; (2) [he] was excluded from participation in or otherwise
23  discriminated against with regard to a public entity's services, programs, or activities; and (3)
24  such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052.
25  "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional
26  discrimination on the part of the defendant," and the standard for intentional discrimination is
27  deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).
28         Plaintiff has not alleged any facts to support the claim that he "was excluded from

participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities . . . by reason of [his] disability." *Lovell*, 303 F.3d at 1052. Although plaintiff alleges that he was not properly secured in the van transporting him for medical care, he alleges no facts suggesting that inmates who are not disabled were better secured. Further, to the extent that plaintiff alleges that his injuries resulted from the van's condition or lack of repair, maintenance, or replacement, he was not treated differently from any other inmate transported in the van. The accident in which plaintiff was injured simply is not the type of discrimination that the ADA was intended to address.

Finally, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" *Roundtree v. Adams*, 2005 WL 3284405 at *8 (E.D.Cal. Dec. 1, 2005) (No. 1:01-CV-06502-OWW-LJO), *quoting Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000), *aff'd*, 309 F.3d 1203 (9th Cir. 2002). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Roundtree*, 2005 WL 3284405 at *8, *citing* 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" *Id.*, *quoting Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999), *cert. granted*, 528 U.S. 1146, *cert. dismissed*, 529 U.S. 1001 (2000). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue an ADA claim against defendant Cate. Cate is entitled to dismissal of the ADA claim against him as a matter of law.

**V.     State Claims**

Section 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007)*; Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court

"shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).

If the District Court adopts these findings and recommendations as well as the findings and recommendations of even date addressing the two motions to dismiss brought by defendant Broncato and by defendants Jett and Chavez, no federal claims will remain against any defendant in this suit. Accordingly, the undersigned recommends that plaintiff's state claims be remanded to the California court, which is better prepared to address them and has a greater stake in their resolution in accordance with state law.

## VII. Conclusion and Recommendation

For the reasons set forth herein, the court **HEREBY RECOMMENDS** that:

1. Defendant Cate's motion to dismiss for failure to state a claim, filed July 23, 2009, be **GRANTED, in part,** with regard to plaintiff's federal claims against Cate;

2. Plaintiff's federal claims shall be dismissed, with prejudice, for failure to state a claim upon which relief can be granted;

3. Defendant Cate's motion to dismiss for failure to state a claim, be **DENIED, in part,** with regard to plaintiff's state claims against Cate; and

4. Plaintiff's state claims be remanded to the California state court.

///

These Findings and Recommendations will be submitted to the United States District

1 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
2 **thirty (30) days** after being served with these Findings and Recommendations, the parties may
3 file written objections with the court.  The document should be captioned "Objections to
4 Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
5 objections within the specified time may waive the right to appeal the District Court's order.
6 *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:  **November 13, 2009**         **/s/ Gary S. Austin**
                                                                                 UNITED STATES MAGISTRATE JUDGE