# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED KEENER ERNST,<br><br>           Plaintiff,<br><br>     v.<br><br>MATTHEW CATE, et al.,<br><br>           Defendants.<br>_____ / | CASE NO. 1:08-cv-01940-OWW-GSA<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE DISTRICT COURT GRANT IN PART AND DENY IN PART DEFENDANT BRONCATO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE<br><br>(Doc. 40) |

**Findings and Recommendations on Defendant Broncato's Motion to Dismiss**

**I.     Procedural and Factual Background**

Plaintiff Ted Keener Ernst, a state prisoner, by his attorney, proceeds in this civil action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (42 U.S.C. § 12132). Plaintiff also alleges negligence claims and various constitutional and statutory claims under California law. Defendant Cate removed plaintiff's complaint from the Superior Court of California to the Eastern District court on December 17, 2008 (doc. 1). On April 7, 2009, plaintiff filed an amended complaint (doc. 16). Defendant Broncato filed a motion to dismiss the complaint under F.R.Civ.P. 12(b)(6) and to strike portions of the complaint under F.R.Civ.P. 12(f) on July 23, 2009 (doc. 40). Plaintiff has filed no opposition to Broncato's motion.

**Facts Alleged in Complaint.** Plaintiff is an inmate of Salinas Valley State Prison ("SVSP"). Due to paraplegia dating from childhood, plaintiff is a permanent wheelchair user. Although plaintiff is a Montana inmate, he is housed by the California Department of Corrections and Rehabilitation ("CDCR") pursuant to an agreement between CDCR and Montana.

1  On December 3, 2007, defendant Broncato, a CDCR corrections officer, transported
2 plaintiff by CDCR van #314 from Kern Valley State Prison ("KVSP"), where plaintiff then
3 resided, to Corcoran Hospital for routine care.  Plaintiff's hands were cuffed to his hips in a waist
4 restraint.  His wheelchair was not secured to the van nor was plaintiff restrained by a seatbelt.
5 While traveling at 70 miles per hour, Broncato tapped the brakes to slow for an S-curve.  The
6 van's wheels locked, and plaintiff was thrown head-first from his wheelchair to the van's floor,
7 where his head hit a raised steel bracket, and his body struck a milk crate.  Plaintiff incurred
8 head and chest lacerations, compression of his spine resulting in lower spine trauma, and various
9 scrapes and bruises.  Plaintiff's head and bruises swelled, and he experienced pain, including
10 sharp, stabbing pain in his lower back.
11  Plaintiff contends that the defendants were aware that the van was in poor condition.
12 With over 239,000 miles on its odometer, the van had brake problems and holes in its floor big
13 enough for passengers to view the road passing beneath them.  Broncato had filed a grievance
14 regarding the van's unsafe condition on July 2, 2007.  Plaintiff alleges that "*Plata* ordered that
15 Van #314 be replaced two weeks prior to the December 3, 2007 incident."
16  In another inmate's appeal (Pardo, KVSP-07-022980, February 26, 2008), KVSP
17 admitted that van #314 was in need of repairs.  In plaintiff's administrative appeal, KVSP
18 admitted that the van was being repaired and replaced by a new van.
19  Except for the claims in count three, which are limited to the defendants' official
20 capacities, plaintiff sues defendant Broncato, a CDCR corrections officer, in his official and
21 personal capacities (doc. 16, ¶ 2).  Other defendants include Matthew Cate, Secretary of CDCR;
22 Katherine Jett, deputy director of CDCR; Officer Chavez; and 100 John Does.
23 **II.     Standard of Review – Rule 12(b)(6) Motion to Dismiss**
24  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  *Schneider v. California*
25 *Dept. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).  A court may not look outside of the
26 pleadings to resolve the motion.  In considering a motion to dismiss for failure to state a claim, a
27 court must accept as true the allegations of the complaint in question, construe the pleading in the
28 light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

1  favor. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v.*
2  *McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).
3     **Pleading standard.** "Rule 8(a)'s simplified pleading standard applies to all civil actions,
4  with limited exceptions," none of which applies to plaintiff's action. *Swierkiewicz v. Sorema*
5  *N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must
6  contain "a short and plain statement of the claim showing that the pleader is entitled to
7  relief . . . ." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare
8  recitals of the elements of a cause of action, supported by mere conclusory statements, do not
9  suffice." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v.*
10 *Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted
11 as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting*
12 *Twombly*, 550 U.S. at 555.
13    While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct.
14 at 1949. The statement must "give the defendant fair notice of what the plaintiff's claim is and
15 the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. The court is not required to
16 accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or
17 unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.),
18 *amended by* 275 F.3d 1187 (2001). In general, plaintiff's complaint fails because it primarily
19 alleges unsupported legal conclusions.
20 **III.   Plaintiff's Claims**
21    Although plaintiff's complaint purports to allege six causes of action, it is poorly
22 organized, frequently including multiple legal claims within a single "cause of action."
23 Plaintiff's claims include the following:
24    **A.   42 U.S.C. § 1983 Claims**
25       1. **Third Cause of Action (in part).** In violation of the Eighth Amendment's
26       prohibition against cruel and unusual punishment, defendants failed to provide "a
27       meaningful hearing in a meaningful time, instead claiming that a third level appeal
28       had to be filed–with the idea that Plaintiff would lose his right to file a claim

against defendants within 6 months." The complaint specifies that this claim is brought against the defendants in their official capacities.

2. **Fourth Cause of Action (in part).** In violation of the Fifth and Fourteenth Amendment due process and equal protection, defendants failed to provided "a meaningful hearing in a meaningful time, instead claiming that a third level appeal had to be filed–with the idea that Plaintiff would lose his right to file a claim against defendants within 6 months."

3. **Fifth Cause of Action.** The accident constituted cruel and unusual punishment in the form of battery.

4. **Sixth Cause of Action.** Restating his allegations of the first cause of action, plaintiff asserts that defendants' negligence violated the Fifth and Fourteenth Amendments.

B. **ADA Claim (federal) (Second Cause of Action (in part))**

C. **State Claims**

1. **First Cause of Action.** Defendants were negligent under state law.

2. **Second Cause of Action (in part).** Defendants violated California Government Code, § 11135.

2. **Third Cause of Action (in part).** Defendants violated California Constitution, art. 1, § 7.

3. **Fourth Cause of Action (in part).** Defendants are liable under California Government Code, § 19572.[1]

IV. **42 U.S.C. § 1983 Claims**

A. **Linkage**

Plaintiff fails to tie each defendant's actions to the specific harms that he or she is alleged to have caused to plaintiff. Section 1983 provides:

---

[1] Broncato moves to strike as inapplicable Cal. Gov't Code § 19572, which applies to hearings for civil service employees. Because the undersigned recommends the remand of state law claims (*see infra*.), it does not reach Broncato's motion to strike Cal. Gov't Code § 19572.

> Every person who, under color of [state law] . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A plaintiff can establish each defendant's requisite causal connection either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that the defendant knew or reasonably should have known would cause the others to inflict constitutional injury on plaintiff. A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between that defendant's actions and the claimed injury to plaintiff. *May v. Enomoto*, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); *Johnson,* 588 F.2d at 743. Except for a few specific factual statements regarding defendant Broncato's actions, plaintiff relies on general allegations, often unsupported by facts, against defendants as a group.

### B.    Official Capacity Damages Under § 1983

Except for count three, which specifies that it is being brought against defendants in only their official capacities, plaintiff alleges that he is seeking to impose liability on defendants in their individual and official capacities (doc. 16, ¶2). While plaintiff may seek damages against Broncato in his personal capacity, plaintiff's official claims are precluded by the Eleventh Amendment, which "bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir.), *cert. denied*, ___ U.S. ___, 128 S.Ct. 441 (2007) (*citations omitted*).

This means that plaintiff's third cause of action, which he brings against the defendants "in their official capacity" (doc. 16), is not cognizable as a matter of law.  In addition, plaintiff's other claims for monetary damages against Broncato in his official capacity fail as a matter of law.

### C. Due Process Claim (Count Four, in part)

In his fourth cause of action, plaintiff contends defendants failed to provided "a meaningful hearing in a meaningful time, instead claiming that a third level appeal had to be filed–with the idea that Plaintiff would lose his right to file a claim against defendants within 6 months," in violation of plaintiff's Fifth and Fourteenth Amendment due process rights.[2] Plaintiff does not explain what claim he would have been unable to file if his administrative appeals were not completed within six months.[3]

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "[S]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state laws are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484 (*citations omitted*).

[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon an inmate.  *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982).  Hence, it does not give rise to a protected liberty interest requiring the procedural protections

---

[2] Plaintiff's due process rights are articulated in the Fourteenth Amendment, which addresses constitutional deprivations by the states.  The Fifth Amendment, which addresses deprivations of due process by the federal government, is inapplicable in this lawsuit against state defendants.  *Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5 (9th Cir.), *cert. denied*, 546 U.S. 818 (2005).

[3] To bring a federal civil rights suit, a plaintiff is required to exhaust the administrative appeals process, which, in California, includes the third or director's level appeal.  42 U.S.C. § 1997e(a).

envisioned by the fourteenth amendment. *Id.* Prisoners are not entitled to a specific prison grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), *cert. denied*, 541 U.S. 1063 (2004); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). *See also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D.Mo. 1986). Accordingly, plaintiff does not set forth a cognizable due process claim.

In addition, even if plaintiff's claim were cognizable, he alleges no facts to suggest that Broncato, the corrections officer who drove the van in which plaintiff was injured, had any connection to the prison appeals process. Accordingly, plaintiff's due process claims must be dismissed for failure to state a claim against defendant Broncato.

### D.     **Equal Protection Claim (Count Four, in part)**

Plaintiff contends that because he is disabled, defendants violated his constitutional right to equal protection when they discriminated against him in the administrative appeals process. His complaint sets forth no factual allegations supporting his legal conclusion or linking a particular defendant(s) to the alleged discrimination.

Equal protection requires that persons who are similarly situated be treated alike. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in either of two ways. First, a plaintiff may demonstrate that the defendant has intentionally discriminated against him based on the plaintiff's membership in a protected class. *See, e.g, Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must establish that the defendant's discriminatory intent resulted from the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the circumstances underlying the plaintiff's claim do not involve a suspect classification, the plaintiff may establish an equal protection claim by demonstrating that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San*

*Antonio School District v. Rodriguez*, 411 U.S. 1, 57 (1973). To state an equal protection claim under this theory, a plaintiff must allege that (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently than others similarly situated; and (3) there is no rational basis for the differing treatment. *Village of Willowbrook*, 528 U.S. at 564.

Although plaintiff alleges that he is disabled, he alleges no facts supporting the proposition that he was treated differently than non-disabled inmates with regard to the administrative appeals process. Because plaintiff's complaint presents no allegations under either theory of defendant Broncato's intentionally discriminating against him in the appeals process, his complaint fails to state a cognizable equal protection claim.[4]

### E.  Cruel and Unusual Punishment (Fifth Cause of Action)

Plaintiff characterizes his Eighth Amendment claim as arising from battery. As Broncato points out, the facts alleged do not support a claim of battery. "The elements of civil battery are (1) defendant intentionally performed an act that resulted in harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Brown v. Ransweiler*, 171 Cal.App.4th 516, 526-27 (Cal. App. 2009). In this case, plaintiff contends that since Broncato knew of the van's poor condition, Broncato's transporting plaintiff in the van constituted cruel and unusual punishment. He does not allege harmful or offensive touching, nor does he address the element of his own consent.

Whether or not plaintiff has alleged a claim of civil battery, he does not allege a cognizable Eighth Amendment claim. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To establish an

///

///

---

[4] Because the undersigned recommends that plaintiff's due process claim be dismissed, it need not reach Broncato's motion to strike plaintiff's allegation that defendant's appeals process violated the Administrative Procedure Act (5 U.S.C. § 500 *et seq.*). The court notes, however that CDCR is a state agency, not a federal agency subject to the Act's provisions. 5 U.S.C. § 551.

Eighth Amendment violation, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057, *quoting Farmer*, 511 U.S. at 837. A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi*, 391 F.3d at 1057, *quoting Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*). A prison official does not act in a deliberately indifferent manner unless the official "knows of and *Farmer*, 511 U.S. at 834.

Plaintiff here alleges negligence against the defendants who transported him in a van known to have been in poor repair. A complaint that a defendant has been negligent does not state a valid Eighth Amendment claim. Negligence does not become a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106. *See also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi*, 391 F.3d at 1057, 1060; *Clement v. Gomez*, 298 F.3d 898, 904-05 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 200) (en banc); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1997)(en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1998); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987), *abrogated on other grounds by Sandin*, 515 U.S. at 472. Even gross negligence does not rise to the level of a constitutional violation. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). *See also Toguchi*, 391 F.3d at 1060.

Plaintiff's negligence claim does not state an Eighth Amendment claim for deliberate indifference constituting cruel and unusual punishment. Accordingly, plaintiff's Eighth Amendment claim against Broncato should be dismissed.

### F.  Negligence in Violation of the Fifth and Fourteenth Amendments (Sixth Cause of Action)

Repeating the allegations of negligence that he made in his first cause of action, plaintiff contends that the defendants' negligence violated his due process rights under the fifth and fourteenth amendments. Plaintiff is wrong. "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

In *Daniels*, the Court addressed the plaintiff's due process claims, which arose from injuries that plaintiff sustained when he slipped on a pillow negligently left by a prison deputy and fell down the stairs. *Id.* The Court emphasized that the guarantee of due process has historically "applied only to *deliberate* decisions of government officials to deprive a person of life liberty or property. *Id.* at 331. "Our Constitution deals with the large concerns of governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend to living together in society." *Daniels*, 474 U.S. at 332.

In *Davidson v. Cannon*, the companion case to *Daniels*, the plaintiff alleged a due process claim based on prison official's negligent actions that resulted in his being assaulted by another inmate. *Davidson*, 474 U.S. 344 (1986). The Court denied the claim, distinguishing injuries resulting from prison officials' negligence from injuries resulting from an attack by prison officials or from the indifference of prison officials who witness an ongoing attack by another inmate and allow it to proceed. *Id.* at 348.

> Respondents' lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process clause was designed to prevent. *Daniels*, at 331-333, 106 S.Ct. 665-666. Far from abusing governmental power, or employing it as an instrument of oppression, respondent Cannon mistakenly believed that the situation was not particularly serious, and respondent James simply forgot about the note. The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials.

*Davidson*, 474 U.S. at 347-48.

Plaintiff's allegations of negligence in his sixth cause of action do not constitute a cognizable claim under the Due Process clause.

///

### V. **<u>Violation of the Americans with Disabilities Act</u>**

Plaintiff's second cause of action is the only claim in which plaintiff contends that the defendants, including Broncato, acted intentionally. First, plaintiff alleges, "The defendants decided to punish [plaintiff] for the crime he was convicted of by placing him in his wheelchair, unrestrained, in a van traveling 70 miles per hour, and then applying the brakes" (doc. 16, ¶ 33). Later, plaintiff claims, "Defendants discriminated against plaintiff because of his disability–willfully and indifferently ignored his need to be restrained within the van transporting him to a facility he needed to visit for medical reasons" (doc. 16, ¶ 36). Because plaintiff provides no factual support for these legal conclusions, he fails to satisfy the pleading standards set forth in *Iqbal* and *Twombly*.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003). The statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997), *cert. denied*, 524 U.S. 937(1998); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff has not alleged any facts which support a claim that he "was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities . . . by reason of [his] disability." *Lovell*, 303 F.3d at 1052. Although

plaintiff alleges that he was not properly secured in the van transporting him for medical care, he alleges no facts suggesting that inmates who are not disabled were better secured. Further, to the extent that plaintiff alleges that his injuries resulted from the van's condition or lack of repair, maintenance, or replacement, he was not treated differently from any other inmate transported in the van. The accident in which plaintiff was injured simply is not the type of discrimination that the ADA was intended to address.

In addition, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" *Roundtree v. Adams*, 2005 WL 3284405 at \*8 (E.D.Cal. Dec. 1, 2005) (No. 1:01-CV-06502-OWW-LJO), *quoting Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000), *aff'd*, 309 F.3d 1203 (9th Cir. 2002). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Roundtree*, 2005 WL 3284405 at \*8, *citing* 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" *Id.*, *quoting Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999), *cert. granted*, 528 U.S. 1146, *cert. dismissed*, 529 U.S. 1001 (2000). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue an ADA claim against defendant Broncato. Broncato is entitled to dismissal of the ADA claim against him as a matter of law.

### V.     State Claims

Section 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007); *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as

provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).

Defendant Cate removed plaintiff's state lawsuit to the federal courts. If the District Court adopts these findings and recommendations, as well as the findings and recommendations of even date addressing the two motions to dismiss brought by defendant Cate and by defendants Jett and Chavez, no federal claims will remain against any defendant in this suit. Accordingly, the undersigned recommends that plaintiff's state claims be remanded to the California court, which is better prepared to address them and has a greater stake in their resolution in accordance with state law.

## VII.  Conclusion and Recommendation

For the reasons set forth herein, the court **HEREBY RECOMMENDS** that:

1. Defendant Broncato's motion to dismiss for failure to state a claim, filed July 23, 2009, be **GRANTED, in part,** with regard to plaintiff's federal claims against Broncato;

2. Plaintiff's federal claims shall be dismissed, with prejudice, for failure to state a claim upon which relief can be granted;

3. Defendant Broncato's motion to dismiss for failure to state a claim, be **DENIED, in part,** with regard to plaintiff's state claims against Broncato; and

4. Plaintiff's state claims be remanded to the California state court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may

file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **November 13, 2009**        /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE